IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SILICON LABORATORIES, INC.,
        Plaintiff,

-vs-                                                            Case No. A-04-CA-155-SS

ALI NIKNEJAD and AXIOM MICRODEVICES,
INC.,
        Defendants.

## FINAL JUDGMENT

BE IT REMEMBERED on the 27th day of March 2006, the Court called the above-captioned matter, and all parties appeared through their appropriate representatives and counsel of record and announced ready for trial, and a jury composed of seven legally qualified jurors was empaneled, and this case proceeded to trial on March 27, 2006.[1] On March 30, 2006, the plaintiff rested its case, and Defendant Ali Niknejad and Defendant Axiom Microdevices, Inc. each separately filed a motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure and the Court denied Niknejad's motion and carried Axiom's motion and the trial proceeded until April 4, 2006, when both defendants rested and Plaintiff moved for judgment as a matter of law pursuant to Rule 50 and Defendants renewed their Rule 50 motions. The Court denied Defendants' Rule 50 motions and granted in part and denied in part Plaintiff's Rule 50 motion. The case proceeded and after the Court had instructed the jury and all counsel had made their final arguments, the case was

---

[1] One juror was excused during the course of the trial and before deliberations for personal reasons and no party objected. Therefore, the verdict returned was by a jury of six.

submitted to the jury on April 6, 2006, and the jury returned its verdict on April 6, 2006, answering the questions as follows:

| | |
|---|---|
| Question 1: | Yes |
| Question 2: | 1, 13, 14 |
| Question 3: | No |
| Question 4: | Blank |
| Question 5: | Yes |
| Question 6: | 14 |
| Question 7(a): | Dr. Niknejad–Blank; Axiom–No |
| Question 7(b): | Blank |
| Question 8: | Yes |
| Question 9: | $0 |
| Question 10: | No |
| Question 11(a): | Blank |
| Question 11(b): | Blank |
| Question 12: | Blank |
| Question 13: | Blank |
| Question 14: | No, No, No, No |
| Question 15: | No, No, No, No |
| Question 16: | No, No, No, No |
| Question 17: | No, No, No, No |
| Question 18: | Blank |

Question 19(a):      Blank

Question 19(b):      Blank

Question 20(a):      Blank

Question 20(b):      Blank

Question 21:         No, No, No, No

Question 22:         No

Said verdict was signed by the presiding juror, who advised in open court it was a unanimous verdict, and the verdict was accepted by the Court and filed by the Clerk. Thereafter, the parties filed motions for judgment and on this date the Court has entered its orders disposing of all motions pending and, based upon the pleadings, evidence, trial record, jury verdict, and the law, enters this final judgment:

1. The Court FINDS that it has jurisdiction over the parties and the subject matter.

2. The Court FINDS that Defendant Axiom Microdevices, Inc. ("Axiom") misappropriated Silicon Laboratories, Inc.'s ("Silicon") trade secret data sheets (Item 14 on Exhibit "A" to Verdict Form) in accordance with the jury's verdict.

3. The Court also FINDS that Defendant Axiom misappropriated the data sheets by means of malice, fraud, or gross negligence in accordance with the jury's verdict.

4. The Court also FINDS that Silicon incurred no financial damages as a result of Axiom's misappropriation of Silicon's data sheets in accordance with the jury's verdict.

5. IT IS ORDERED, ADJUDGED and DECREED that Axiom has not infringed claims 26, 37, or 48 of the '071 patent or claim 46 of the '141 patent in manufacturing,

using, selling, offering to sell, or importing AX501 or AX502 in accordance with the jury's verdict.

6. IT IS ORDERED, ADJUDGED and DECREED that Plaintiff Silicon shall have and recover nothing by its claims against Defendants Ali Niknejad and Axiom Microdevices, Inc. in accordance with the jury's verdict.

7. IT IS ORDERED, ADJUDGED and DECREED that pursuant to Federal Rule of Civil Procedure 65(d), no permanent injunctive relief shall issue in this case for the reasons set forth in the accompanying order.

8. IT IS FURTHER ORDERED, ADJUDGED and DECREED that within 30 days of the judgment becoming final in this case, Axiom shall return to Silicon any and all copies of Silicon's Data Sheets and shall destroy any and all documents containing information from them, including but not limited to any and all documents in any and all media mentioning Silicon in the context of any discussion or description of CMOS PA's, and Axiom shall never use such information in the future. The President or CEO of Axiom shall certify to the Court in writing that Axiom has complied with this order by the end of the 30 day period.

9. IT IS FURTHER ORDERED, ADJUDGED and DECREED that all information and documents subject to the protective order in this case shall be returned or destroyed by each party, at the option of the providing party, within 30 days of the judgment becoming final in this case. The President or CEO of each party shall certify its compliance with this order in writing by the end of the 30 day period.

10. IT IS FURTHER ORDERED, ADJUDGED and DECREED that each party shall bear its own costs. In light of the jury's findings of misappropriation through malice, fraud, or gross negligence but finding of no financial damages,[2] and in light of Axiom's misconduct throughout this lawsuit, the Court expressly finds that each party should bear its own costs.

11. IT IS FURTHER ORDERED, ADJUDGED and DECREED that Silicon Laboratories, Inc. do have and recover judgment against Axiom Microdevices, Inc. for $250,000.00 with interest of 4.98% per annum until paid, and each party shall bear its own costs.

12. IT IS FINALLY ORDERED, ADJUDGED and DECREED that all other relief sought by any party is denied as this is a final judgment of the district court in this case.

IT IS SO ORDERED this the 23rd day of May 2006.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[2] It should be noted that the Court gave the jury the opportunity to award nominal damages, even if they were unable to determine a specific amount of loss, but the jury still declined to find that Silicon sustained any financial damages. Verdict Form, Question 7.